# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL DENNIS MAYOTTE,

     Plaintiff,

  v.                                      Case No. 19-CV-942

JOHN CHISHOLM, MILWAUKEE COUNTY
DISTRICT ATTORNEY'S OFFICE,
VICTIM WITNESS COORDINATOR,
AND BRYANT MYCHAL BECKLEY,

     Defendants.

## SCREENING ORDER

Plaintiff Michael Dennis Mayotte, an inmate confined at the Lincoln County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that City of Milwaukee police officers failed to conduct a thorough investigation after Plaintiff suffered serious injuries when he was hit by a car. Magistrate Judge William Duffin screened the original complaint and determined that it did not state a plausible federal claim for relief. ECF No. 9. Judge Duffin ordered that Plaintiff could file an amended complaint to clarify what claim, if any, he wanted to bring against Defendants. Plaintiff has filed an amended complaint alleging that Defendants failed to notify him that criminal charges had been brought against the individual driving the car that hit him, violating his state and federal rights as a crime victim. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to this District Judge for entry of this order screening Plaintiff's amended complaint.

**A. Screening the Amended Complaint**

**1. Federal Screening Standard**

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to

a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2. Plaintiff's Allegations

Plaintiff names as defendant Milwaukee County District Attorney John T. Chisholm, the Milwaukee County District Attorney's Office, the Victim Witness Coordinator of Milwaukee County, and Bryant Mychal Beckley. Plaintiff alleges that on June 2, 2017, he was the victim of a major crash that resulted in the arrest of Defendant Beckley for a felony charge of Knowingly Operating After Suspension and Causing Bodily Injury, in violation of Wisconsin state law. After the crash, Defendant Beckley was arrested and taken to District 4 for booking and processing. On June 7, 2017, the Milwaukee County District Attorney's Office failed to notify Plaintiff and his family that criminal charges were filed against Beckley. When Plaintiff was released from medical care on September 14, 2017, the District Attorney's Office had still not informed him that criminal charges were filed. Plaintiff wrote to the Victim Witness Coordinator on March 11, 2019, but never heard a response.

Plaintiff claims that his rights under the United States Constitution and the Wisconsin Constitution have been violated. For relief, he seeks $100 million.

### 3. Analysis

As an initial matter, the Milwaukee County District Attorney's Office is not a suable entity under 42 U.S.C. § 1983. *See Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942 (7th Cir. 2009); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999). Also, Plaintiff may not sue Defendant Beckley under § 1983 because he does not allege that Beckley, a private citizen, acted under color of state law, nor does Plaintiff allege that Beckley violated his rights under

federal law. Regarding defendant Chisholm, state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are "intimately associated with the judicial phase of the criminal process." *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The court need not determine whether the activity Plaintiff describes – failure to notify him, a crime victim, that criminal charges had been filed against Buckley – falls under this description because Plaintiff makes no specific allegation regarding Chisholm and because Plaintiff has not alleged facts sufficient to state a claim that his constitutional rights were violated.

Plaintiff does not have an actionable claim under Wisconsin state law that he is a victim of crimes committed by Defendant Beckley. Wisconsin law does not permit a victim of a crime to bring an action for money damages against the state or any political subdivision, agent, or employee thereof. *See* Wis. Stat. § 950.10 (2017-18). Simply put, Plaintiff does not state a claim under federal or state law.

**B. Conclusion**

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint **fails to state a claim** under federal law.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's

decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Green Bay, Wisconsin this   30th   day of September, 2019.


  s/ William C. Griesbach
 William C. Griesbach, Chief Judge
 United States District Court - WIED